UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON PAUL CHERRY,
    Petitioner,

vs.                                           Case No.: 3:21cv1226/MCR/EMT

WILLIAM POWELL,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Jason Paul Cherry (Cherry) is a pretrial detainee of the Escambia County Department of Corrections (Jail) awaiting trial on criminal charges pending in the Circuit Court in and for Escambia County, Florida, Case No. 2021-CF-312 (*see* ECF No. 6 at 10–13).[1] In accordance with the court's order, Cherry filed an amended habeas petition (ECF No. 6). He also filed a motion to proceed in forma pauperis (IFP) with supporting documentation (ECF Nos. 2, 4).

Cherry's IFP motion and supporting documentation show that he qualifies to proceed IFP under 28 U.S.C. § 1915. Therefore, his IFP motion will be granted.

I.     CHERRY'S CLAIMS

In his amended habeas petition (the operative pleading), Cherry claims he is being held in custody in violation of his due process rights (ECF No. 6 at 10–12).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Cherry alleges the state prosecutor telephoned the victim, Becky Fox, prior to Cherry's bond hearing and told Ms. Fox, "Don't get on the stand and take the blame for his porn charges. I'm just trying to keep you out of trouble." (*id.* at 10).[2] Cherry also alleges the prosecutor refuses to dismiss the charges even though Ms. Fox "confessed to [Cherry's] crimes" during a pre-trial deposition and "admitted to lying to the investigators" (*id.* at 12). Cherry alleges he wrote letters to the state court judge, the prosecutor, his defense attorney, and several officials, but he has not received a response (*id*. at 10–13). Cherry alleges he also filed a motion to dismiss the charges on due process grounds, but he has not received a hearing or response (*id.*). Cherry requests that this federal court dismiss the state criminal charges and order Respondent to release him from custody (*id.* at 20).

## II.   DISCUSSION

The federal habeas statute authorizes the district court to grant a writ of habeas corpus if the prisoner demonstrates he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Because Cherry was

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the fact that Cherry's pending charges in Escambia County Circuit Court, Case No. 2021-CF-312 include two counts of unlawful sexual activity with a person 16 or 17 years of age, a violation of Florida Statutes § 794.05(1), and twenty counts of possession of a photograph of sexual conduct by a child, a violation of Florida Statutes § 827.071(5). Cherry is hereby advised that if he disputes the accuracy of these facts, taken from the state court's online public docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of these facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020).

confined as a pretrial detainee when he filed the instant petition, and still is currently confined, he is "in custody" for purposes of the federal habeas statute.

To be eligible for habeas relief, a petitioner must have exhausted his available state remedies. When discussing exhaustion in the habeas corpus context, the court must distinguish between pretrial and post-trial situations. It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c). The terms of 28 U.S.C. § 2254(b)(1) provide that an application for a writ of habeas corpus may not be granted (post-trial) unless a petitioner has exhausted his state court remedies by presenting his claim to the highest available state court for review. The terms of § 2241(c)(3), which empower district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.

Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92 & n.4 (1973); *Skinner v. Wiley*, 355 F.3d 1293,

1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring). The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and initially resolve any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91.

Further, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence are not yet final. *See Younger v. Harris,* 401 U.S. 37 (1971) (holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions). *Younger* abstention is required when:  (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *Id.*  There are three exceptions to the abstention doctrine:  (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised.  *Id.* at 45; *see*

Case No.: 3:21cv1226/MCR/EMT

also *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975). Untried state charges may be challenged in extraordinary circumstances under § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine is met. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261–64 (11th Cir. 2004) (discussing *Younger*) (other citations omitted).

In *Braden*, the United States Supreme Court reiterated *Younger*'s holding that, absent "special circumstances," a pretrial detainee may not adjudicate the merits of an absolute defense to a state criminal charge before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. In *Braden*, the Court found that the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and did not seek to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* at 491. Thus, while a state petitioner's request to force the state to trial may proceed by a pretrial § 2241 petition, a petitioner's request to dismiss charges or otherwise prevent prosecution may not, absent a showing of "special circumstances." *Dickerson*, 816 F.2d at 226–27 (discussing *Braden, supra* and *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976) (other citation omitted)).

Here, Cherry seeks to abort the state criminal proceedings through a federal court's order dismissing the criminal charges and releasing him from custody (*see* ECF No. 6 at 20). Under Supreme Court and Eleventh Circuit precedent, this habeas action may not proceed unless Cherry shows he qualifies to proceed under one of the narrow exceptions recognized in *Younger*. As previously discussed, those exceptions are: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Younger*, 401 U.S. at 45.

Cherry appears to claim that the prosecution is motivated by bad faith. To satisfy *Younger*'s "bad faith" exception, the petitioner must make a "substantial allegation" showing actual bad faith. *See Younger*, 401 U.S. at 48. For example, in *Dombrowski v. Pfister*, 380 U.S. 479 (1965), the Supreme Court held that an injunction against the enforcement of certain state criminal statutes was proper where:

> the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana . . . .

380 U.S. at 482.

Here, the prosecutor's telling the victim not to take the blame for Cherry's charges, and the prosecutor's continuing Cherry's prosecution despite the victim's alleged "confession" and admission that she lied to investigators, does not satisfy *Younger*'s "bad faith" exception.

Further, Cherry has not alleged facts entitling him to review under either of the other exceptions. Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Watson v. Buck*, 313 U.S. 387, 402 (1941), cited in *Younger*, 401 U.S. at 53–54. Here, Cherry's defending the criminal prosecution in state court will adequately vindicate his constitutional rights to due process and a fair trial; and direct appeal is available to correct any violation of those rights.

III. CONCLUSION

It plainly appears from the face of Cherry's amended habeas petition that the petition should be dismissed because Cherry has not properly exhausted his state court remedies, and he has not shown that he should be excused from the exhaustion requirement. Additionally, the *Younger* abstention doctrine applies. Cherry asks this federal court to abort the pending state criminal case, but he has not shown

"special circumstances" that warrant such federal interference with the state criminal process. Further, the state courts have adequate and effective state procedures to review Cherry's due process claims. Under these circumstances, summary dismissal is appropriate under 28 U.S.C. § 2243.

IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (unpublished but recognized as persuasive authority) (citing 28 U.S.C. § 2253(c)(1)(A) and *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003)). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. If Petitioner objects to this recommendation, he may present

argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That the amended habeas petition (ECF No. 6) be **DISMISSED without prejudice** for failure to exhaust state court remedies and pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 27 (1971).

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of November 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**